UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAWRON BISHOP, *pro se*,  :
 :
               Petitioner,  :
 : **MEMORANDUM & ORDER**
     -against-          : 11-cv-5352 (DLI)
 :
UNITED STATES OF AMERICA,  :
 :
               Respondent.  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner, Kawron Bishop ("Petitioner"), filed this petition for a writ of *habeas corpus,* challenging his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (*See generally* Docket Entry No. 1 ("Petition").) On September 29, 2010, Petitioner pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"), and one count of possession of a firearm with a defaced serial number, in violation of 18 U.S.C. § 922(k) ("Section 922(k)"). (*See generally* Docket 10-CR-00113, Entry No. 36.) On April 1, 2011, this court sentenced Petitioner to 46 months of imprisonment followed by three years of supervised release. (*See generally id.*, Entry No. 49.) Petitioner challenges his sentence on the grounds that: (1) the indictment obtained was in violation of 18 U.S.C. § 3161 ("Speedy Trial Act"); (2) the indictment did not properly allege his offense and the essential facts involved, as required by Rule 7(c)(1) of the Federal Rules of Criminal Procedure; and (3) he received ineffective assistance of counsel in violation of the Sixth Amendment to the United

---

[1] In reviewing petitioner's motion, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

States Constitution. (Petition at ¶ 12.) Pursuant to Section 2255, Petitioner also seeks an evidentiary hearing to further develop the record regarding the merits of his claims. (*Id.*) For the reasons set forth below, the petition and Petitioner's demand for an evidentiary hearing are denied.

## BACKGROUND

On January 8, 2010, two plainclothes New York City Police Department ("NYPD") officers, patrolling in an unmarked vehicle, witnessed a livery car run through a red light while traveling southbound on Stuyvesant Avenue in Brooklyn, New York. (Memorandum of Fact and Law in Support of Motion Filed Under 28 U.S.C. § 2255 ("Pet. Br.") at 2; Government's Response in Opposition to Petition to Vacate Conviction Pursuant to 28 U.S.C. § 2255 ("Opp.") at 3.) When the officers stopped the livery car, they observed Petitioner open the back door of the car and step out with a firearm in hand. (Pet. Br. at 2.) Upon seeing the officers, Petitioner fled on foot, still wielding the firearm. (Pet. Br. at 2; Opp. at 3.) One of the officers ran after Petitioner. (Pet. Br. at 2; Opp. at 3.) During the chase, this officer observed Petitioner throw the firearm aside. (Pet. Br. at 3; Opp. at 3.) The officer briefly stopped to retrieve it then continued his pursuit. (Pet. Br. at 3; Opp. at 3.) The other officer gave chase in the patrol vehicle and, after a brief pursuit, managed to apprehend Petitioner, who was then placed under arrest for possession of a firearm. (Opp. at 3; Pet. Br. at 3.)

On January 13, 2010, while Petitioner was in local custody, U.S. Magistrate Judge Lois Bloom issued a warrant for his arrest pursuant to a sworn complaint alleging that Petitioner, a previously convicted felon, possessed a firearm on January 8, 2010. (*See generally* Docket 10-CR-00113, Entries Nos. 1 ("Compl.") and No. 2.) According to the complaint the firearm was a "FEG 9 millimeter semi-automatic pistol." (Compl. at ¶ 4.)

2

On January 20, 2010, Petitioner was arrested on the federal arrest warrant and arraigned on the complaint before U.S. Magistrate Judge Roanne L. Mann. (*See generally* Docket 10-CR-00113, Entry No. 3.) On February 18, 2010, a federal grand jury returned a two-count indictment charging Petitioner with being a felon in possession of a firearm and possession of a firearm with a defaced serial number, in violation of 18 U.S.C. §§ 922(g)(1), 922(k), 924(a)(1)(B), 924(a)(2), and 3551 *et. seq.* (*Id.*, Entry No. 9 ("Indictment") at ¶¶ 1, 2.) The indictment alleged that the firearm was "a .380 caliber FEG semi-automatic pistol." (*Id.* at ¶¶ 1-3.)

Despite being represented by counsel, Petitioner subsequently submitted a *pro se* motion on March 1, 2010, to dismiss the indictment for violation of the Speedy Trial Act. (*See generally* Docket 10-CR-00113, Entry No. 12.) On March 16, 2010, this court issued an order denying the motion. *United States v. Bishop*, 2010 WL 984676, at *1–2 (E.D.N.Y. Mar. 16, 2010). On July 30, 2010, Petitioner's defense counsel moved to suppress the firearm, as well as statement evidence, claiming that the car stop leading to his arrest was invalid. (*See generally* Docket 10-CR-00113, Entry No. 31.) On September 14, 2010, this court held a hearing on the motion, at which the court heard testimony from the two NYPD officers who had apprehended and arrested Petitioner on January 8, 2010. (*See generally* Opp. at Exhibit 1, Suppression Hearing Transcript ("Suppression Tr.").) Upon being presented with a firearm, one of the officers testified that it was "the firearm that my partner recovered" and that he could recognize it because he had scratched his initials into the firearm when he had vouchered it. (*Id.* at 32–33.) The officer also testified that following the arrest, Petitioner stated, "[y]ou didn't see me throw any gun" and later told other inmates, "[t]hey found the gun, they found the gun." (*Id.* at 37–38.) At the close of

3

the suppression hearing, in an order dated September 14, 2010, this court denied Petitioner's motion to suppress. (*See* Docket 10-CR-00113, Sep. 14, 2010 Minute Entry.)

On September 29, 2010, Petitioner pled guilty to both counts of the indictment. (*See generally* Docket 10-CR-00113, Entry No. 36.) On April 1, 2011, this court sentenced Petitioner to 46 months of imprisonment on each count, to run concurrently, followed by three years of supervised release. (*Id.*, Entry No. 49.) On October 26, 2011, Petitioner filed the instant motion, pursuant to Section 2255, challenging his sentence on the grounds that: (1) his indictment was filed more than 30 days after his arrest warrant was signed, in violation of the Speedy Trial Act; (2) his indictment failed to properly allege his offense and the essential facts involved; and (3) he received ineffective assistance of counsel. (Petition at ¶ 12.) Petitioner also seeks an evidentiary hearing pursuant to Section 2255 to further develop the record regarding the merits of these claims. (*Id.*)

## DISCUSSION

### I. Speedy Trial Act Violation

Petitioner contends that the filing of the indictment violated the Speedy Trial Act. (Pet. Br. at 4–6.) Petitioner failed to make this claim on direct appeal, however, and does not adequately establish good cause for, or prejudice from, this failure, nor does he argue actual innocence. (*See id.*) Accordingly, Petitioner's Speedy Trial Act claim is procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (claims not raised on direct appeal may not be raised in habeas review unless the defendant first demonstrates either cause and actual prejudice, or that he is actually innocent); *Campino v. United States*, 968 F. 2d 187, 190 (2d Cir. 1992) (adopting "cause and prejudice" test). Furthermore, by pleading guilty unconditionally, Petitioner waived any defects in the prior proceedings, including those related to his right to a

speedy trial. *See United States v. Coffin*, 76 F. 3d 494, 496 (2d Cir. 1996) ("Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal"). Nevertheless, in an abundance of caution, the court examines the merits of Petitioner's claim that his indictment violated the Speedy Trial Act.

The Speedy Trial Act mandates the "dismissal of charges against a defendant who is not indicted, arraigned, or brought to trial within periods of time set forth in the statute." *United States v. Gaskin*, 364 F. 3d 438, 451 (2d Cir. 2004). No more than 30 days can pass between arrest and indictment. 18 U.S.C. § 3161(b) ("Section 3161(b)")). Under Section 3161(b), an "arrest" does not occur until an individual is "taken into custody after a federal arrest for the purpose of responding to a federal charge." *United States v. Bloom*, 865 F. 2d 485, 490 (2d Cir. 1989) (citing *United States v. Johnson*, 815 F. 2d 309, 312 (5th Cir. 1987)); *see also United States v. Jones*, 129 F. 3d 718, 721 (2d Cir. 1997).

On March 1, 2010, Petitioner filed a motion to dismiss the indictment, claiming it was in violation of Section 3161(b). (*See generally* Docket 10-CR-00113, Entry No. 12.) On March 16, 2010, this court denied that motion on the grounds that Petitioner's arrest on federal charges occurred on January 20, 2010, which was 29 days prior to his indictment on February 18, 2010 and therefore within the 30-day window prescribed by Section 3161(b). *Bishop*, 2010 WL 984676, at *1. Petitioner makes the same argument in the instant petition that he did in the motion to dismiss, but again leaves uncontested the fact that his arrest on federal charges occurred on January 20, 2010. (*See* Pet. Br. at 4–6.) Accordingly, for the reasons set forth in the March 16, 2010 order, there was no Speedy Trial Act violation and Petitioner's claim is without merit. *See Bishop*, 2010 WL 984676, at *1.

5

## II. Sufficiency of the Indictment

Petitioner alleges the indictment was defective because it failed to properly allege his offense and the essential facts involved. (Pet. Br. at 12.) For the same reasons that Petitioner's Speedy Trial Act claim is barred, Petitioner's defective indictment claim is also barred due to procedural default because he did not raise the issue on direct appeal and has not attempted to establish cause, prejudice or actual innocence. *See Bousley*, 523 U.S. at 622. Moreover, as set forth above, by pleading guilty, Petitioner waived any defect in the charging instrument. *See Coffin*, 76 F. 3d at 496. Nevertheless, in an abundance of caution, the court examines the merits of Petitioner's insufficient indictment claim.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A sufficient indictment is one that "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Alfonso*, 143 F. 3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state time and place (in approximate terms) of the alleged crime.'" *Id.* (quoting *United States v. Stavroulakis*, 952 F. 2d 686, 693 (2d Cir. 1992)).

Here, the indictment at issue clearly satisfied these basic pleading requirements. Despite Petitioner's claim that the indictment did not "contain a correct plain and concise statement of the essential facts constituting the offense," he identifies no specific facts incorrectly stated in the indictment or otherwise absent from it. (*See* Pet. Br. at 12). Moreover, the indictment listed the

## II. Sufficiency of the Indictment

Petitioner alleges the indictment was defective because it failed to properly allege his offense and the essential facts involved. (Pet. Br. at 12.) For the same reasons that Petitioner's Speedy Trial Act claim is barred, Petitioner's defective indictment claim is also barred due to procedural default because he did not raise the issue on direct appeal and has not attempted to establish cause, prejudice or actual innocence. *See Bousley*, 523 U.S. at 622. Moreover, as set forth above, by pleading guilty, Petitioner waived any defect in the charging instrument. *See Coffin*, 76 F. 3d at 496. Nevertheless, in an abundance of caution, the court examines the merits of Petitioner's insufficient indictment claim.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A sufficient indictment is one that "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Alfonso*, 143 F. 3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state time and place (in approximate terms) of the alleged crime.'" *Id.* (quoting *United States v. Stavroulakis*, 952 F. 2d 686, 693 (2d Cir. 1992)).

Here, the indictment at issue clearly satisfied these basic pleading requirements. Despite Petitioner's claim that the indictment did not "contain a correct plain and concise statement of the essential facts constituting the offense," he identifies no specific facts incorrectly stated in the indictment or otherwise absent from it. (*See* Pet. Br. at 12). Moreover, the indictment listed the

approximate time and place of Petitioner's offenses, (Indictment at ¶¶ 1-2), and properly tracked the language of the statutes under which Petitioner was charged. *See* 18 U.S.C. §§ 922(g)(1), 922(k). Therefore, the indictment was sufficient because it stated the essential elements of the offense and provided Petitioner with enough detail to prepare a defense, as well as plead double jeopardy in future prosecutions based on the same events. *See Alfonso*, 143 F. 3d at 776.

Petitioner's claim is similarly unavailing to the extent it relates to a discrepancy between the indictment and the complaint regarding the caliber of firearm Petitioner possessed on January 8, 2010. The indictment identified the firearm as a ".380 caliber FEG semi-automatic pistol" (Indictment at ¶¶ 1-3), which is the same make and model of firearm that was identified in a government affidavit in support of a March 16, 2010 search warrant, (Pet. Br. at Exhibit C, ¶ 5), and that Petitioner ultimately admitted to possessing when he pleaded guilty on September 29, 2010. (Plea Hearing Transcript ("Plea Tr.") at 41, ¶¶ 1–5) (defendant conceding he was in possession of "the gun described in Count One, a 380 caliber FEG semi-automatic pistol.") The fact that the complaint misidentified the firearm possessed by Petitioner on January 8, 2010 as a "FEG 9 millimeter semi-automatic pistol," (Compl. at ¶ 4.), does not invalidate the indictment.[2] Accordingly, Petitioner's claim that the indictment was insufficient must fail.

---

[2] The court also notes that Petitioner alleges no specific insufficiency other than this discrepancy between the complaint and indictment regarding the caliber of firearm. (*See* Pet. Br. at 8, 12.) Because there is no support for the proposition that such a discrepancy implicates jurisdictional concerns, it was waived as a non-jurisdictional defect when Petitioner pled guilty. Even where an indictment, rather than a complaint, allegedly misidentifies the firearm used in a federal gun offense, it need not render the indictment insufficient. *See United States v. Redd*, 161 F. 3d 793, 796 (4th Cir. 1998) (holding that allegedly faulty description of firearm in indictment did not prejudice defendant because physical description of firearm was not an essential element of the offense); *see also United States v. McIntosh*, 23 F. 3d 1454, 1457–58 (8th Cir. 1994) (same).

## III. Ineffective Assistance of Counsel

Petitioner claims a violation of his Sixth Amendment right to effective assistance of counsel because his attorney: (1) failed to move for dismissal of the indictment for violation of the Speedy Trial Act or for insufficiency of the charging terms; (2) failed to sufficiently investigate the discrepancy between the complaint and indictment regarding the caliber of firearm; and (3) provided defective assistance with regard to Petitioner's decision to plead guilty, given the aforementioned firearm discrepancy, the fact that Petitioner's DNA was not found on the firearm, and the alleged impropriety of the DNA test's method of analysis. (Pet. Br. at 6–12).

The court evaluates petitioner's claim under the framework set forth in *Strickland v. Washington*, 466 U.S. 669, 690-91 (1984). "The defendant must show that counsel's representation fell below an objective standard of reasonableness. . . under prevailing professional norms." *Id.* at 688. Unless a defendant can show otherwise, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. If that burden is overcome, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, this "prejudice" prong of the Strickland test is only satisfied if the defendant "show[s] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. *Failure to File Motions Challenging the Timing and Sufficiency of Indictment*

Petitioner's claim that he received ineffective assistance of counsel because his attorney failed to file motions challenging the timing or sufficiency of the indictment is without merit. As described above, the indictment did not violate the Speedy Trial Act because it was filed within

the 30-day window prescribed by Section 3161(b). *See Bishop*, 2010 WL 984676, at *1–2. This very issue had already been decided by the Court. There was no basis in law or in fact for defense counsel to make the same motion again. Also, as already discussed, the indictment did not fall short of the minimum pleading requirements called for by the Federal Rules of Criminal Procedure. *See Alfonso*, 143 F. 3d at 776. Thus, any motion seeking to dismiss the indictment on these grounds would have failed. *See United States v. Tisdale*, 195 F. 3d 70, 73–74 (2d Cir. 1999); *Bier v. Miller*, 2010 WL 2265132, at *3 (E.D.N.Y. June 1, 2010) ("[F]ailure to raise a motion does not constitute ineffective assistance of counsel if the motion would likely have been unsuccessful") (quoting *United States v. Gomez*, 644 F. Supp. 2d 362, 370 (S.D.N.Y. 2009) (alteration original)).

   *B. Failure to Investigate the Discrepancy Between the Indictment and Complaint*

   Petitioner claims that he was denied effective assistance because his counsel did not investigate sufficiently the fact that the firearm identified in the indictment and a subsequent affidavit in support of a search warrant, a ".380 caliber FEG semi-automatic pistol," (Indictment at ¶¶ 1-3), was of a different caliber than the "FEG 9 millimeter semi-automatic pistol," (Compl. at ¶ 4), identified in the complaint and in a NYPD property invoice.

   Petitioner appears to assert that his counsel failed to investigate or discover potentially exculpatory evidence that would have prompted Petitioner to proceed to trial rather than plead guilty. In *Hill v. Lockhart*, the Supreme Court discussed the standard for showing prejudice from such a failure:

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a

9

trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Hill*, 474 U.S. at 59.

Here, there is no basis to conclude that further investigation of the discrepancy between the complaint and indictment would have changed the outcome of a trial. The firearm at issue would probably not have been excluded from evidence at a trial, but would have been authenticated in the same manner it was at the September 14, 2010 Suppression Hearing, by the NYPD officers who recovered the firearm from Petitioner and vouchered it after arresting him. (*See* Suppression Tr. at 32–33, 66.) The credible testimony of these two officers would have been more than enough to establish chain of custody and authenticate the firearm, despite the discrepancy between the complaint and indictment. *See* Fed. R. Evid. 901(b) (listing "testimony of a witness with knowledge" as sufficient to authenticate item of evidence); *United States v. Stukes*, 2004 WL 2397194, at *7 (S.D.N.Y. Oct. 26, 2004) (testimony of officers who recovered firearm during arrest then vouchered it was sufficient to establish chain of custody and render firearm admissible at trial.)

Even if Petitioner's conclusory assertion that there were deficiencies in the chain of custody were true, such deficiencies would "not bear upon the admissibility of evidence, only the weight of the evidence." *United States v. Morrison*, 153 F. 3d 34, 57 (2d Cir. 1998). At best, therefore, the discrepancy between the complaint and indictment regarding the caliber of firearm marginally might have provided more ammunition for cross-examination of the NYPD officers by Petitioner's counsel, but would have been unlikely to have changed the outcome of the proceeding. *See United States v. Garcia*, 57 F. App'x. 486, 489 (2d Cir. 2003) (holding that information which merely provides "additional ammunition for impeaching a prosecution

witness," rather than exculpating a defendant, is unlikely to change the outcome of a proceeding). Because Petitioner cannot show that his counsel's further investigation of the discrepancy between the complaint and indictment likely would have changed the outcome of a trial, he has not satisfied the prejudice component of *Strickland* and his claim must fail.[3]

    C.    *Ineffective Assistance with Regard to Petitioner's Decision to Plead Guilty*

Petitioner alleges that his counsel failed to investigate, or at least properly consider, three main issues before advising him to plead guilty: (1) the discrepancy between the indictment and complaint concerning the caliber of firearm; (2) the fact that Petitioner's DNA was not found on the firearm; and (3) the fact that the DNA test improperly compared his DNA to "all PCR(STR) DNA cases 'to date.'" (Pet. Br. at 10–12.) Petitioner does not identify any specific deficient advice from his counsel, but rather asserts that a competent attorney, having sufficiently investigated and properly considered these issues, would not have advised his client to plead guilty. (*See id.*)

The Second Circuit has stated that "[w]here a defendant is represented by counsel during the plea process and enters a guilty plea upon his advice, a challenge to the validity of the plea based on ineffective assistance of counsel is governed by the two-part *Strickland v. Washington* test." *Tate v. Wood*, 963 F. 2d 20, 26 (2d Cir. 1992); *see also Hill*, 474 U.S. at 58.

Petitioner has not established that the counsel's performance "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. Despite Petitioner's implication that the discrepancy between the complaint and indictment, as well as the negative results of the

---

[3] Having established that Petitioner's claim fails to satisfy the prejudice prong of *Strickland*, the court need not examine the claim with respect to *Strickland's* performance prong. *See Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

11

DNA test, might have called his guilt into question at a trial, the government still would have had ample evidence to prosecute its case against Petitioner: the firearm recovered by the NYPD officers, the eyewitness testimony of those two officers, the evidence that Petitioner fled from the officers and Petitioner's inculpatory statements following his arrest. (*See* Suppression Tr. At ¶¶ 31–38, 65–66.) Furthermore, had Petitioner gone to trial, he would have been identified as a convicted felon, an element of count one of the indictment. *See* 18 U.S.C. § 922(g)(1). He also would have been denied the point reductions under the Sentencing Guidelines typically accorded defendants for accepting responsibility and pleading guilty before trial. (*See* Plea Tr. at 36, ¶¶ 12–22.)

In weighing the strength of the government's case and the risks of going to trial, against the impeachment value of the negative DNA test and the discrepancy between the complaint and the indictment, it cannot be said that counsel was incompetent or unreasonable for advising Petitioner to plead guilty. *See Premo v. Moore*, 131 S. Ct. 733, 742–43 (2011) (explaining the need for deference to counsel's strategic judgment in advising a client to enter a guilty plea and the dangers of after-the-fact assessments of that judgment). Furthermore, plaintiff does not claim, for example, that he was unaware of the negative DNA results when pleading guilty, or that he was misled in any way by his counsel's advice when deciding to plead guilty. (*See* Pet. Br. at 10–12.) In fact, Petitioner's statements made under oath during a plea allocution reveal that he was entirely satisfied with his counsel's performance. (*See* Plea Tr. at 16, ¶¶ 12–15) (defendant responding "Yes, ma'am," when asked by the judge if he was "fully satisfied with the advice and representation" of his counsel.) Accordingly, Petitioner has failed to satisfy the first prong of *Strickland* and his claim for ineffective assistance of counsel must fail.

## IV. Petitioner's Request for an Evidentiary Hearing

"A petition for habeas corpus relief requires an evidentiary hearing to resolve disputed issues of fact unless the record shows that the petitioner is not entitled to relief." *Ortega v. United States*, 897 F. Supp. 771, 781 (S.D.N.Y. 1995) (citing *Hayden v. United States*, 814 F. 2d 888, 891 (2d Cir. 1987)); *see also* 28 U.S.C. § 2255(b). A court may deny a Section 2255 petition without holding a hearing where: (1) the petition lacks "meritorious allegations" that can be established by "competent evidence," *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987); (2) if the case files and records conclusively demonstrate that the petitioner is not entitled to relief, *United States v. Aiello*, 900 F. 2d 528, 534 (2d Cir. 1990); or (3) if the allegations of the petition, even if accepted as true, would not entitle the petitioner to relief. *See Rosa v. United States*, 170 F. Supp. 2d 388, 398 (S.D.N.Y. 2001) (citing *Chang v. United States*, 250 F. 3d 78, 85–86 (2d Cir. 2001)). "The decision whether to hold an evidentiary hearing on a 2255 motion is generally left to the discretion of the district court." *Swerbilov v. United States*, 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F. 2d 203, 207 (2d Cir. 1997)). Where, as here, the court has familiarity with the case, it can rely on such familiarity in dismissing a petition without a hearing. *See Stokes v. United States*, 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001). In light of this standard and for the reasons discussed above, Petitioner has failed to raise any disputed issues of fact that require a testimonial hearing under Section 2255. Accordingly, Petitioner's request for a hearing is denied.

## CONCLUSION

For the reasons set forth above, the Section 2255 petition is denied in its entirety without an evidentiary hearing. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 2, 2015

/s/
DORA L. IRIZARRY
United States District Judge